## BROWN v PEOPLES RY CO

Ohio Appeals, 2nd Dist, Montgomery Co

No 1412.  Decided Jan 25, 1937

McMahon, Corwin, Landis & Markham, Dayton, and Warren A. Ferguson, Dayton, for appellant.

Froug & Froug, Dayton, for appellee.

## OPINION

By HORNBECK, J.

The appeal is from a judgment in favor of plaintiff in the sum of $1000.00.

The action was for damages for loss of the services of plaintiff's wife by reason of personal injuries claimed to have been suffered by her by the negligence of defendant company. The jury returned a verdict for the plaintiff in the sum of $1200.00, as to which, upon motion for new trial, the court ordered a remittitur of all over $1000.00. Plaintiff accepted the reduction and the judgment was entered for him in that sum.

The accident out of which the action grew occurred in the City of Dayton on a street car of defendant company on December 14, 1932. Mrs. Brown, who was a passenger, entered the car with her son, reached a seat preparatory to sitting down, fell and was injured.

There were two specifications of negligence: One, that the defendant started its car with an unusual and unexpected jerk, and two, that it permitted the aisleway in the car to become covered with ice and snow and therefore slippery and dangerous to walk upon.

The assignments of error are as follows: (1) That as the record discloses no evidence of negligenie on the part of the defendant its motion for a directed verdict at the conclusion of plaintiff's case should have been sustained; (2) That the verdict and judgment are manifestly against the weight of the evidence and (3) that the verdict is excessive.

This is the second time that we have considered this case on the facts. True, the records differ considerably but the controversies are substantially the same. However, the basis of our reversal of the cause of Mrs. Brown against the defendant is no longer found in this record. Upon our

former opinion we very carefully considered the factual phases of the case and it would serve no good purpose to enter into extended discussion of the controversial questions involved.

The assigned errors in the order set forth in brief of appellant are considered: First: there was no evidence to support the averment of negligence against the defendant at the conclusion of plaintiff's case in chief.

At this juncture the answer of the defendant admitted that the plaintiff was a passenger on one of its street cars; that while proceeding to a seat she fell; also an admission at page 164 of the record that Mrs. Brown was injured by the street car in which she was a passenger; Mrs. Brown's son's testimony of her entrance into the car that as she got on the car it jerked with such force it threw her down in the car so as to hurt her badly; Mrs. Brown's statement that after she had put her hand upon the handle on the seat where she was to sit down the car started with such force as to throw her prone upon her back with her head to the front of the car and her feet in the opposite direction, with the result that she immediately suffered bruised and strained muscles in her back, from which developed the trouble which her witnesses and her doctor described on the stand.

It is true that no witness characterized the movement of the car as a sudden, unusual and unexpected jerk, but from the language which they did employ, together with the physical factors, there was sufficient evidence to support the plaintiff's requisites of proof that the start of the car was not the ordinary movement incident thereto but was a sudden and unusual jerk.

Second, the verdict and judgment are manifestly against the weight of the evidence.

If the evidence offered by the plaintiff is to be believed there is ample support for a verdict in his behalf. We have in this case as we had in the former case direct conflict in the testimony. It is not so marked here as heretofore. It is obvious that someone is testifying untruthfully. This is not an unusual situation. It develops many times and but for the province of a jury under the scrutiny of trial judges and reviewing courts no determination would ever be made of such controverted questions. So, here the jury has resolved disputed questions of fact in favor of the plaintiff and we find no abuse of prerogative in so doing. The moving pictures which were taken by a witness for the defense should be the factor to provide convincing and unequivocal proof. Unfortunately, they do not have this effect. Two of the members of this court have viewed the pictures but the probative effect was for the jury. There then is left the unusual conflict in testimony of witnesses. Considerable effort is expended to disprove the statement of Mrs. Brown that she dipped water from the cistern in her yard, claim being made that weather conditions were such that the water would not have been available to her near enough to the surface of the cistern to have permitted its removal in the manner indicated by her. Supporting this the testimony of a weather expert is produced, showing that during the month when it is inferred that Mrs. Brown dipped the water there was practically no rainfall. There are entirely too many factors that enter into the question whether or not there was water in this cistern to the top thereof to permit a case to be decided on this one question.

All in all, this record presents a clear, clean-cut conflict of statements of witnesses, which can well be reconciled for or against the defendant. We see nothing in it which requires any different rule to be applied than is ordinarily employed in like situations and find no sufficient reason to disturb the verdict of the jury and judgment thereon.

The third ground of error is that the verdict of the jury is excessive. We cannot so find. On the contrary, we are of opinion that the court made very nice differentiation in reducing the verdict from $1200.00 to $1000.00. If the plaintiff is entitled to anything whatever $1000.00 is ordinate and well within the express showing of loss of services, which readily compute to a sum of $1000.00, especially if we take into consideration the indebtedness for which the plaintiff is liable for medical and professional services rendered his wife.

Upon the whole we are satisfied that this verdict and judgment should be affirmed. It will be so ordered.

CRAIG, PJ, and BARNES, J, concur.